UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV 0632

-------------------------------------------------------------
JEREMY K. SIGALL

                                    Plaintiffs,

-against-

TRANSWORLD SYSTEMS, INC. and
ZIPCAR, INC.

                                    Defendants.
-------------------------------------------------------------

**CLASS ACTION COMPLAINT**



## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendants' violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1. This action seeks redress for the illegal practices of Defendants, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to *28 U.S.C. § 1331*. This is an action for violations of *15 U.S.C. § 1692 et seq.*

1

3. Venue is proper in this district under *28 U.S.C. § 1391*(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**DEFINITIONS**

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and *15 U.S.C. § 1692a*.

**PARTIES**

5. The FDCPA, *15 U.S.C. § 1692 et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings for damages.

6. Plaintiff is a natural person and a resident of the County of New York, State of New York, and is a "Consumer" as defined by *15 U.S.C. § 1692a*(3).

7. Upon information and belief, Transworld Systems Inc.("Transworld") is a company with an office located in the State of New Jersey.

8. Upon information and belief, Transworld is primarily in the business of collecting debts in default that are due to another and is therefore a "Debt Collector" as that term is defined by *15 U.S.C. § 1692a*(6).

9. Upon Information and belief, Zipcar, Inc. is located in the State of Massachusetts.

10. Upon information and belief, Zipcar is a rental car company conducting business within the State of New York.

11. Defendant Zipcar regularly in the process of collecting its own debts, uses a name other than its own which indicates that a third party is collecting or attempting to collect

such debts when in fact such party is not so engaged. Defendant Zipcar is a "Debt Collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Zipcar together with Transworld violated the FDCPA in a practice commonly referred to as flat rating.

### CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from either Defendant which are in violation of the FDCPA, as described in this Complaint.

14. This Action is properly maintained as a class action. The Class consists of:

> . All consumers who received collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of *15 U.S.C. § 1692 et seq.*

> . The Class period begins one year to the filing of this Action and extends for a period including twenty days thereafter.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

> . Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendants violated various provisions of the FDCPA including but not limited to: *15 U.S.C. §§ 1692j*(a); and 1692e(10);

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct; and

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

.A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. On or about November 12, 2010, Defendants caused to be delivered to Plaintiff a collection letter attempting to collect a debt allegedly owed to Zipcar. Upon receipt Plaintiff read said letter. A copy of said letter is annexed hereto as **Exhibit A**.

17. Said collection letter contained the names and addresses of both defendants. Defendant's Zipcar's address and telephone number prominently appear in the center of the letter, set off by a large blank space within the middle of the letter.

18. The letter indicates that Transworld has been "authorized to pursue collection" and further indicated that Transworld was "committed to make efforts as are necessary and proper to effect collection." Said letter indicates that Jamie Allen is the contact person at Transworld.

19. Upon information and belief, as the website of the defendant Transworld indicates, it charges a flat rate for the sending of its collection letters and in fact in this instance the arrangement of the defendants in the sending of this letter was one of flat rating. Further if a consumer contacted Transworld the consumer was simply referred to Zipcar as Transworld did not have any information as to the account.

20. Upon information and belief at the time the letter was sent Jamie Allen did not work for Transworld nor did Transworld have a contact person for this account.

21. Both defendants engaged in practices and procedures that violated the FDCPA. The entire collection procedure was designed to falsely suggest to the consumer that a third party collector was involved in the collection process when in fact the defendants simply engaged in flat rating.

**As and for a First Cause of Action**

**FAIR DEBT COLLECTION PRACTICES ACT *15 U.S.C. § 1692* VIOLATION OF 15 U.S.C. $ 1692j(a)**

22. Plaintiff repeats the allegations contained in paragraphs 1 through 21 as if the same were here set forth at length.

23. Section 1692j(a) of the FDCPA states in pertinent part:

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

6

24. Defendants violated Section 1692j(a) of the FDCPA by collaborating to design, furnish and deliver the collection form letter to Plaintiff which they knew or should have known would create the false belief that the alleged debt had already been turned over to Transworld for the purpose of collection.

25. Section 1692j(b) of the FDCPA states in pertinent part:

> Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.

26. By reason thereof, Defendants are liable to Plaintiff, statutory damages, costs and attorneys' fees.

**As and for a Second Cause of Action**

**FAIR DEBT COLLECTION PRACTICES ACT *15 U.S.C. § 1692* VIOLATION OF *15 U.S.C. § 1692e*(10)**

27. Plaintiff repeats the allegations contained in paragraphs 1 through 26 as if the same were here set forth at length.

28. Section 1692e(10) of the FDCPA makes it a violation for a debtor collector to: "[U]se any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

29. Defendant Transworld employed false and deceptive means in its attempts to collect the alleged debt by mailing collections letters which misrepresented its level of involvement within the collection process.

30. By reason thereof, Plaintiffs have sustained damages when the Defendant used false and deceptive means in an attempt to collect the alleged debt.

31. By reason thereof, Defendant is liable to Plaintiff for statutory damages, costs and attorneys' fees.

WHEREFORE, plaintiffs respectfully request that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiffs as Class representatives;

b) Awarding plaintiffs and the class statutory damages;

c) Awarding plaintiffs and the class costs of this action, including reasonable attorneys' fees and expenses; and

d) Awarding plaintiffs and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
January 23, 2011

Plaintiffs request trial by jury on all issues so triable.

Lawrence Katz
445 Central Avenue Suite 206
Cedarhurst, New York 11516
lkatz@lawkatz.com
Telephone (516) 374-2118
Facsimile (516) 706-2404